FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 02, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DIAMOND VALENCIA,<br><br>        Plaintiff,<br><br>        v.<br><br>NEW U WOMEN'S CLINIC AND AESTHETICS, PLLC, a Washington Corporation,<br><br>        Defendant. | No. 4:25-CV-05095-SAB<br><br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Partial Summary Judgment, ECF No. 20. Plaintiff is represented by Amy K. Maloney and Matthew J. O'Laughlin. Defendant is represented by Brett A. Elliott, Emily N. Griffin, and Gregory J. Mina. The Motion was considered without oral argument.

Plaintiff began working as a medical receptionist for Defendant on January 29, 2024. At the end of April, Plaintiff received an "excellent" 90-day performance review. Plaintiff told Defendant's Human Resources Director, Jake Myers, that she was interested in being considered for a Patient Care Coordinator at a new location. Mr. Myers agreed that this was a good idea and indicated she could start handling both roles soon to prepare for the transition once the new location opened.

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** * 1

She learned she was pregnant on May 21, 2024, and began experiencing hyperemesis gravidarum – commonly known as morning sickness. Plaintiff did not initially disclose she was pregnant, and she stopped consuming caffeine and receiving clinic services. Soon after, Plaintiff began hearing rumors around the clinic that she was pregnant. Plaintiff's supervisor, Vanessa Herrera, and the owner's executive assistant, Jessica Howard, consistently made comments about Plaintiff's behavior and would remark about what she was eating and drinking and how often she was going to the bathroom. Ms. Howard would stand by the bathroom door while Plaintiff was inside and would make remarks to other employees that Plaintiff was throwing up. Plaintiff went to Mr. Myers to complain about the conduct of Ms. Herrerra and Ms. Howard, and Mr. Myers asked if she was pregnant, which she declined to disclose. Mr. Myers said he would address the behavior with Ms. Herrerra and Ms. Howard, but Plaintiff continued to experience harassment.

On July 3, 2024, Plaintiff was called into a meeting with Mr. Myers, Ms. Herrerra, and the clinical director Tatiana Novoselskiy. Ms. Herrerra informed Plaintiff that she was being written up for being late. Plaintiff explained that she did not clock in on time the previous day because two patients stopped her to talk in the parking lot. Plaintiff then brought up Defendant's 10-minute grace period for tardiness in the employee handbook. The three other employees then shifted to saying that Plaintiff was "checked out" and not engaging with staff as usual.

At that point, Plaintiff informed them that she was pregnant and was occasionally experiencing pregnancy-related illness, but she believed she was and would be able to perform her job tasks as expected. Ms. Novoselskiy remarked that it made sense since Plaintiff always looked like she was about to throw up.

At the end of the meeting, Plaintiff received a write-up for tardiness and issues with initiative. Plaintiff was informed that if she needed pregnancy-related accommodations, she should let management know.

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** * 2

The parties disagree over whether Plaintiff's complaints regarding the harassing behavior of other employees and her questions about Defendant's 10-minute grace period policy constituted requests for accommodation sufficient to establish a duty to accommodate. Further, there is an apparent disagreement between Plaintiff, Defendant, and Defendant's employees regarding the existence and enforcement of a 10-minute grace period policy for employees.

On July 9, 2024, Plaintiff was assisting a new receptionist when Ms. Howard interrupted. Plaintiff stated that she had the matter under control, and Ms. Howard raised her voice at Plaintiff. Plaintiff then left to complain to Mr. Myers.

Plaintiff was then terminated. Defendants informed her it was due to issues with her attitude and tardiness.

Plaintiff filed her Complaint on July 29, 2025, alleging six counts under both federal and state laws: the Pregnancy Discrimination Act (PDA) (Claim I & II), the Pregnant Workers Fairness Act (PWFA) (Claim III), the Washington Healthy Start Act (HSA) (Claim IV), and the Washington Law Against Discrimination (WLAD) (V & VI). Defendant now moves for summary judgment as to Plaintiff's third and fourth claims under the Pregnant Workers Fairness Act and the Washington Healthy Starts Act, asserting that Plaintiff never made a formal accommodation request, and accordingly is unable to recover under those statutes.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** * 3

trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

Washington's Healthy Start Act ("HSA") prohibits covered Washington employers from failing to provide reasonable accommodations to pregnant employees unless doing so would impose an undue hardship. Wash. Rev. Code § 43.10.005(2)(a). The statute further prohibits employers from denying employment opportunities or taking adverse action against employees who request or use an accommodation. Wash. Rev. Code § 43.10.005(2)(b), (c). The HSA does not explicitly require employees to request an accommodation, rather, it prohibits employers from failing or refusing to make reasonable accommodations for employees with pregnancy-related limitations. Wash. Rev. Code § 43.10.005(2)(a).

The HSA provides a list of per se reasonable accommodations, which includes more frequent bathroom breaks and modified work schedules. *Arroyo v. Pac. Mar. Ass'n*, 26 Wash. App. 2d 779, 791-92 (2023); Wash. Rev. Code § 43.10.005(c)(i), (iii). There is minimal guidance as to what specifically must occur to place an employer under an obligation to provide a pregnancy-related accommodation under the HSA. The Washington Pattern Jury instructions indicate that this obligation arises even in the absence of a formal request: a plaintiff may satisfy her burden by showing "no notice of a request was required because the employer knew about or suspected the employee's need for reasonable accommodation." 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 330.45 (7th

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT * 4**

ed.).

The Pregnant Workers Fairness Act ("PWFA") makes it unlawful for covered employers to refuse to provide reasonable accommodations to qualified employees for known limitations related to pregnancy, unless doing so would impose an undue hardship. 42 U.S.C. §§ 2000gg(2)(B)(i), 2000gg-1. Here, a "known limitation" is one "that the employee or employee's representative has communicated to the employer." 42 U.S.C. § 2000gg(4). The statute also prohibits employers from denying employment opportunities based on the need for reasonable accommodation in addition to retaliating against an employee for requesting or using an accommodation. 42 U.S.C. § 2000gg-1(3), (5).

Once a known limitation has been communicated, both an employee and their employer are required to engage in an "interactive process" as defined by ADA. 42 U.S.C. § 2000gg(7). This process requires both parties to engage in a good-faith conversation and exploration of possible accommodations. *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001).

Issues of material fact exist regarding, but not limited to, whether Plaintiff's comments and questions during the July 3 meeting constituted an explicit request for accommodation or put Defendant on sufficient notice of Plaintiff's need for accommodations. Further, there is an issue of material fact as to the existence of a 10-minute grace period policy, and whether Plaintiff's discussion of it during the July 3 meeting constituted a request for Defendant to uphold an existing policy, or whether it was a request for a modified work schedule. As such, summary judgment is not appropriate.

//
//
//
//
//

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** * 5

Accordingly, **IT IS HEREBY ORDERED**:

1.     Defendant's Motion for Partial Summary Judgment, ECF No. 20, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 2nd day of June 2026.



Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** * 6